NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

BENJAMIN KOEHN, PETITIONER, v. PINCUS LARHOFF, RESPONDENT.

**Employe, a Baker, was Injured in the Back While in Course of His Employment, Through the Falling of Several Bags of Flour—Due Notice of Injury Alleged, but Not Sustained— Held, Injury of a Permanent Nature, the Impairment Being Fifteen Per cent. of the Usefulness of Body.**

On petition, &c. On determination and finding of fact and rule for judgment.

A petition having been filed in the above-entitled proceeding praying for the determination of the compensation due the petitioner under an act of the legislature of the State of New Jersey, entitled "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation, and regulating procedure for the determination of liability and compensation thereunder," approved April 4th, 1911, and acts amendatory thereof and supplemental thereto, and the said petition having been duly served and the parties having agreed upon the compensation to which the said petitioner is entitled under

the act above mentioned, I do hereby determine and find as follows:

1. That on January 30th, 1926, the petitioner was employed by the respondent at an average weekly salary of $70 per week, as a baker in and about his business of baking breads and other food stuffs, and while so engaged in the course of his employment, on January 30th, 1927, at the respondent's place of business in Newark, New Jersey, the petitioner sustained an accident, which said accident arose out of and in the course of his employment with the respondent, and I find that the respondent had due knowledge of the occurrence thereof.

2. It appears from the testimony that the petitioner, at about four o'clock in the morning of January 30th, 1926, while in the course of his duty as a baker, had occasion to go to the cellar to bring up flour. Petitioner testifies that in attempting to carry one of these bags of flour, an entire stack of bags filled with flour fell upon him throwing him to the ground sustaining the injuries complained of. That immediately thereafter he ceased working and went to his apartment, which is above that of the respondent, who is the father-in-law of the petitioner. The testimony of the respondent's physician, Dr. Mishell, bears out the testimony of the petitioner in that he treated the petitioner on January 30th, 1926, and found a tenderness over the entire back, injuries, lacerations of the face and kindred symptoms. Dr. Mishell treated the petitioner on behalf of the respondent for a few weeks at his home, and thereupon treated the petitioner at his office until about June, 1926. He pleads lack of notice of the injury and that the petitioner did not sustain disability through an accident with him. I do not care to go into the domestic difficulties between the parties hereto. It is apparent that the same has influenced the testimony of the respondent and his son, a witness in his behalf. This is especially borne out by the fact that a large batch of checks in payment of temporary disability and part of permanent disability allowed at informal hearing and paid by the insurance on behalf of the respondent, were endorsed

and cashed by the respondent herein for his son-in-law when the parties were on better terms during the very time when the respondent claims that he had no knowledge thereof. This, together with the testimony of Dr. Mishell, the respondent's physician who testified that he called on the petitioner, at the very same building wherein the respondent resides, and the various conversations had between the petitioner and the respondent. I find as a matter of fact that the respondent had due notice of the accident herein.

3. It appears from the testimony that the petitioner sustained an injury to the back, a general tenderness of both lumbar regions of the sacro-iliac, especially over the fourth lumbar vertebræ and a resulting spasm of the lumbar muscles, with a limitation of flexion and loss of function, and from the testimony of both the petitioner's and respondent's witnesses, I find that the same has a permanent disability to the extent of fifteen per cent. of the usefulness of his body, for which the petitioner is entitled to receive compensation for a period of seventy-five weeks at the rate of $17 per week, being fifteen per cent. of total permanent disability. I therefore find and determine as follows:

(1) That on January 30th, 1926, the petitioner was employed by Pincus Larhoff, respondent herein, and that he then met with an accident arising out of and in the course of his employment with the respondent, and that the said injury was not self-inflicted, nor was intoxication the proximate cause thereof.

(2) That the respondent had due notice of the accident, and that the petitioner was at the time earning $70 per week.

(3) As result of the said accident, petitioner was injured and sustained temporary disability during a period of twenty-three and four sevenths weeks, from January 30th, 1926, to July 15th, 1926, at the compensation rate of $17 per week. The full amount of which has already been paid to the petitioner.

(4) I find, as a result of the said accident, the petitioner was injured and sustained injuries which are of a permanent nature, and as result thereof sustained an impairment to the

extent of fifteen per cent. of permanent total disability, being a period of seventy-five weeks, at the compensation rate of $17 per week from July 15th, 1926.

It is therefore on this 27th day of April, 1927, ordered that judgment be entered in favor of the petitioner and against the respondent for temporary disability from January 30th, 1926, to July 15th, 1926, being twenty-three and four-sevenths weeks, the full amount of which has been paid; and it is further ordered that judgment be entered in favor of the petitioner and against the respondent for permanent disability from July 15th, 1926, to December 21st, 1927, being a period of seventy-five weeks, at the compensation rate of $17 per week; and it is further ordered that the respondent pay to David Roskein, attorney for the petitioner, the sum of $75 for services rendered in connection with the filing of the formal petition, and that the petitioner pay to David Roskein the sum of $50 for services rendered in connection therewith; and it is ordered that the respondent pay to the petitioner on behalf of the expenses incurred by the petitioner for medical testimony in this matter, the sum of $100; and it is further ordered that the respondent pay the taxed costs of these proceedings.

HARRY J. GOAS,
*Deputy Commissioner.*